IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FIRST COMMONWEALTH BANK           §
                                  §
     Plaintiff,                   §
                                  §
V.                                §
                                  §
GREATER SERVICES CIL LLC,         §          No. 3:24-cv-02985-S
GREATER SERVICES DFW LLC,         §
GREATER SERVICES, INC., and       §
KYLE J. CAMPBELL,                 §
                                  §
     Defendants.                  §

## MEMORANDUM OPINION AND ORDER

Plaintiff First Commonwealth Bank ("First Commonwealth") has filed a motion for substituted service of process on Defendants Greater Services CIL LLC, Greater Services DFW LLC, Greater Services, Inc. (the "Entity Defendants"), and Kyle J. Campbell. *See* Dkt. No. 7.

United States District Judge Karen Gren Scholer has referred the motion for substituted service to the undersigned United States magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 8; *see also Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).

### Background

This case concerns a commercial debt. Greater Services CIL and Greater Services DFW borrowed money from First Commonwealth under a Business Loan Agreement in the original amount of $463,000.00. *See* Dkt. No. 2 at 3. Greater Services, Inc. and Campbell guaranteed payment by executing an Unconditional

-1-

Guarantee. *See id.* Campbell is the president of the Entity Defendants and is designated as their representative to be served with process *See id.* at 1-2.

The borrowers failed to make the required monthly payments due under the loan and defaulted. *See id.*

The borrowers and guarantors have failed to repay the debt. *See id.* And as of October 16, 2024, $406,504.52 remains due. *See id.*

First Commonwealth brings breach of contract claims against the borrower and guarantor Defendants and requests joint and several judgements for actual damages, pre- and post-judgment interest, attorneys' fees, and expenses. *See id.* at 4.

First Commonwealth filed its complaint in this Court on November 27, 2024. *See id.* Summons was issued to the Defendants on the same day. *See* Dkt. No. 5.

After unsuccessful attempts to serve Campbell, individually and in his capacity as the designated agent to receive process for the Entity Defendants, First Commonwealth filed this motion for substituted service on January 15, 2025. *See* Dkt. No. 7.

## Legal Standards

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and First Commonwealth seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
>    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>    (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>    (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the

technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

Courts have determined that service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical … address and (2) the defendant recently used the email address." *Rock Island Auction Co. v. Dean*, No. 3:23-CV-2642-S-BN, 2024 WL 1837970 at *4 (N.D. Tex. Apr. 26, 2024) (citing *Plummer*, 2022 WL 447077, at *2).

An email was "recently used" if it was used for communication within three months of the date that the motion for substituted service was filed, but email communication more than six months from the date the motion was filed does not qualify as "recently used." *Rock Island*, 2024 WL 1837970 at *4 (finding that plaintiff did not demonstrate the email was recently used when the last email from account was used six months before the motion was filed); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *1, *3 (S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

### Analysis

First Commonwealth alleges that Campbell, an individual, serves as president of the Entity Defendants.

And, so, Campbell may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," "following state law for serving a summons". FED. R. CIV. P. 4(h)(1)(A); (e)(1).

Under Texas law, the president of a corporation is an agent of the corporation on whom process "required or permitted by law to be served on the corporation may be served." *See* Tex. Local Gov't Code § 303.034.

"A corporation … must be served through an agent," and a corporation's agent may be served by the methods found in Texas Rule of Civil Procedure 106(b). *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. – Houston

[1st District] 2013, no pet.); *see Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. EP-17-cv-00333-DCG, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018).

First Commonwealth has attached documents showing that Campbell is president of Greater Services, Inc., which is a member of Greater Services CIL LLC and Greater Services DFW LLC. *See* Dkt. No. 1-1 at 1-3

And, so, Campbell is a registered agent of the Entity Defendants for service of process. *See* FED. R. CIV. P. 4(h)(1)(A); (e)(1); Tex. Local Gov't Code § 303.034.

First Commonwealth alleges that it has attempted to serve Campbell at 1724 Prestonwood Dr, Arlington, TX 76012 using "in-person service six times, without success." Dkt. No. 7 at 1.

First Commonwealth requests the Court to authorize service through email to Campbell at "kylecampbell.greaterservices@gmail.com" or by "posting the citations and complaints to the door at '1724 Prestonwood Dr, Arlington, TX 76012'". *Id.* at 3.

In support of its motion, First Commonwealth attaches a declaration from process server, Jacqueline Tyler, detailing her attempts to serve Campbell. *See* Dkt. No. 7-4. Ms. Tyler's declaration states:

- She attempted to serve Campbell at the Prestonwood address on December 20, 2024. No one answered the door, and she left her card on the door and garage door. She spoke with a worker from Purselley Pools and a neighbor who both claim Campbell lives at the residence.

- She attempted to serve Campbell at the Prestonwood address on December 21, 2024. No one answered the door and the cards previously left were still on the door and garage door. No vehicles were visible.

- She attempted to serve Campbell again at the Prestonwood address on December 23, 2024 but no one answered the door. She spoke to a man who identified himself as Campbell's girlfriend's father who gave her Campbell's phone number. She called Campbell but he said he was out of the country.

- She attempted to serve Campbell at the Prestonwood address on December 30, 2024 but no one answered the door. The cards previously left were removed from the door and garage door.

- She attempted to serve Campbell on January 1, 2025 at the Prestonwood address but no one answered the door. All previous cards left were gone from the residence, and there were no lights on and no cars visible.

As exhibits to its motion, First Commonwealth attaches a declaration from David M. Clem (First Commonwealth's counsel) and copies of an email exchange between him and Campbell. *See* Dkt. Nos. 7-1 & 7-3.

Mr. Clem asserts that he emailed Campbell and received a response from "kylecampbell.greaterservices@gmail.com" stating that "[m]y home address is 1724 Prestonwood Dr, Arlington, TX 76012." Dkt. No. 7-1 at 1; Dkt. No. 7-3 at 2.

Mr. Clem declaration's provide sufficient evidence that the 1724 Prestonwood Dr, Arlington, TX 76012 address is Campbell's usual place of business, usual place of abode, or other place where he may be found, as Campbell confirmed via email that

it is his "home address." Dkt. No. 7-3 at 1.; *See Pharmerica, Inc. v. DSJ Healthcare, Inc.*, No. 4:99-cv-242, 2010 WL 4962974, at \*4 (E.D. Tex. Oct. 22, 2010) ("Use of the exact phrase 'usual place of business' is not required as long as the affidavit contains other information indicating Defendants' usual place of business or that the location named in the affidavit is a place where Defendants can probably be found.").

In Ms. Tyler's declaration, she states that a pool service professional and a neighbor confirmed that Campbell lived at the Prestonwood address. *See* Dkt. No. 7-4 at 2-3. She asserts that Campbell owns the residence and takes a homestead exemption according to the Tarrant County Appraisal District website. *See id.* at 4.

And, so, the evidence provided in the declarations is sufficient to show 1724 Prestonwood Dr, Arlington, TX 76012 is Campbell's usual place of abode.

First Commonwealth has provided detailed information in its motion and attached declarations about its attempts to locate and serve Campbell. *See* Dkt. No. 7 at 1-2.

The Court must look at the affidavits provided by First Commonwealth to determine if they comply with Texas Rule of Civil Procedure 106(b). *See Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at \*1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)) ("The court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule."); *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, 759 (Tex. App. – Dallas 1986, no writ) (an "unsworn motion is not evidence of probative value that the location was the

defendant's usual place of business or usual place of abode or other place where the defendant can probably be found").

Under Texas Rule of Civil Procedure 106, a plaintiff must support its motion with "a statement – sworn to before a notary or made under penalty of perjury – listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." Tex. R. Civ. P. 106(b).

The Court determines that, even when attempting to serve a defendant through email, a plaintiff must still provide a "supporting affidavit [that] 'strictly complies' with Texas Rule of Civil Procedure 106(b)'s requirements." *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812 (N.D. Tex. Feb. 25, 2022) (cleaned up), *aff'd*, 2022 WL 837210 (N.D. Tex. Mar. 21, 2022).

Courts have not applied a uniform definition of a "place defendant can probably be found" in an affidavit sufficient to show substituted service. While courts have routinely held service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address," the interaction between these standards and the affidavit requirements is unclear. *Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 447077, at *2 (N.D. Tex. Feb. 14, 2022).

The Court finds that Mr. Clem and Ms. Tyler's declarations meet the requirements set out in Rule 106.

And First Commonwealth has sufficiently shown that service through email is appropriate.

In analyzing whether an email has been recently used, courts have found that communication in the last three months was recent, but communication more than six months from the filing of the motion was not. *See Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2024 WL 1837970, at *4 (N.D. Tex. 2024) (finding that the use of an email address within two months of motion filing was "sufficiently recent"); *Selippos Tech., Ltd. v. First Mt. Bancorp*, No. 4:12-cv-01508, 2013 WL 1181469, at *1, *3 (S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

Campbell and Mr. Clem exchanged emails on December 16, 2024, in which Campbell, using his kylecampbell.greaterservices@gmail.com email, provided his home address. *See* Dkt. No. 7-3 at 2. And, so, Campbell used this email about one month before First Commonwealth filed its motion.

This is sufficiently recent to show that service through email or text would "be reasonably effective to give [the party] notice of the suit." *Rock Island*, 2024 WL 1837970, at *9; *Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958, at *2 (N.D. Tex. May 23, 2022) (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam)).

The Court finds that effecting service on Campbell by both: leaving the required documents affixed to the door of Campbell's residence at the Prestonwood address and emailing the required documents to his email address would be reasonably effective to give Campbell notice of the suit. *See e.g.*, *J.J & G Express, Inc. v. EzCargo LLC*, No. 6:21-cv-052-H, 2022 WL 22889564, at *3 (N.D. Tex. Feb. 8, 2022) (authorizing substituted service by both affixing a copy of the documents to the front door of Defendant's residence and emailing the Defendant); *Schiff v. Ward*, No. 3:21-cv-01109-M, 2021 WL 8323656, at *1 (N.D. Tex. Sept. 29, 2021) (authorizing the same).

### Conclusion

The Court GRANTS Plaintiff's Motion for Substituted Service [Dkt. No. 7], and orders substituted service through posting the required documents to the front door of the 1724 Prestonwood Dr, Arlington, TX 76012 residence and emailing the required documents to kylecampbell.greaterservices@gmail.com.

SO ORDERED.

DATED: February 13, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE