IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRST COMMONWEALTH BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2985-S |
| | § | |
| GREATER SERVICES CIL LLC, | § | |
| GREATER SERVICES DFW LLC, | § | |
| GREATER SERVICES, INC., and | § | |
| KYLE J. CAMPBELL, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff First Commonwealth Bank has filed a Motion for Default Judgment against Defendants Greater Services CIL LLC, Greater Services DFW LLC, and Greater Services, Inc. (collectively, "Greater Services"). *See* Dkt. No. 16.

United States District Judge Karen Gren Scholer referred the motion to the undersigned United States Magistrate Judge for hearing, if necessary, and recommendation. *See* Dkt. No. 20.

For the reasons explained below, the Court should deny the Motion for Default Judgment [Dkt. No. 16], vacate the Clerk of the Court's entry of default against Defendants, and order Plaintiff to seek a new entry of default against Defendants and file a new motion for default judgment.

## Background and Analysis

First Commonwealth filed this lawsuit against Greater Services and Defendant

Kyle J. Campbell to recover damages for breach of contract and attorneys' fees. *See* Dkt. No 1.

On February 18, 2025, First Commonwealth filed proof of service of the Original Complaint on all Defendants. *See* Dkt. Nos. 7, 9, & 10-13.

On March 14, 2025, after Defendants failed to answer the complaint, the Clerk of the Court entered default against all Defendants. *See* Dkt. No. 15. And on March 20, 2025, First Commonwealth moved for default judgment against all Defendants.

On April 29, 2025, this Court ordered First Commonwealth to file an amended complaint that properly alleged diversity of citizenship under 18 U.S.C. § 1332 to avoid dismissal of the action for lack of jurisdiction. *See* Dkt. No. 17.

On May 1, 2025, First Commonwealth dismissed its claims against Campbell and filed its First Amended Complaint against Greater Services. *See* Dkt. No. 19. The First Amended Complaint amended First Commonwealth's jurisdictional allegations, but it did not add any new causes of action against Greater Services. *See id.*

First Commonwealth did not serve Greater Services with the First Amended Complaint. And it need not do so because the First Amended Complaint did not add any new causes of action against Greater Services. *Accord PGM of Tex., LLC v. Great Glory Cares, Inc.*, No. 1:23-cv-709-RP, 2024 WL 2131485, at \*2 (W.D. Tex. May 13, 2024) ("PGM would not have to serve Defendants with its amended complaint unless that pleading asserts a new claim." (citing FED. R. CIV. P. 5(a)(2); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593-94 (5th Cir. 2014)) (cleaned up); *Williams v. Eadgear Holdings USA, Inc.*, No. SA-13-CA-125-OLG, 2013

WL 12114865, at *1 (W.D. Tex. Aug. 2, 2013) ("To the extent plaintiff is not submitting new claims against a defendant, service of his second or third amended complaint on that defendant is unnecessary.").

But, because default was entered against Greater Services before the First Amended Complaint (which does not incorporate by reference the prior pleadings) was filed, the Court should find that the Original Complaint is a nullity, and it should vacate the entry of default. *See PGM of Tex.*, 2024 WL 2131485, at *2 (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Merchs. Bonding Co. (Mut.) v. Veteran Owned Servs. Grp., LLC*, No. 3:23-CV-324-E, 2023 WL 7544597, at *1-2 (N.D. Tex. Oct. 26, 2023), *rec. adopted*, 2023 WL 7549188 (N.D. Tex. Nov. 14, 2023)).

And, because First Commonwealth filed its Motion for Default Judgment before its First Amended Complaint, the motion is also moot, and the Court should deny it as such. *See id.*

And, so, although First Commonwealth need not serve Greater Services with its First Amended Complaint, the Court should order First Commonwealth to file a new request for the Clerk's entry of default against Greater Services and a new motion for default judgment. *Accord Hall v. Tone Knows, Inc.*, No. 3:24-cv-3273-K, 2026 WL 49333, at *2 (N.D. Tex. Jan. 7, 2026).

## Recommendation

The Court should vacate the Clerk of the Court's prior entry of default against Defendants Greater Services CIL LLC, Greater Services DFW LLC, and Greater Services, Inc. [Dkt. No. 15] and deny the Motion for Default Judgment [Dkt. No. 16]

as moot. And the Court should order Plaintiff First Commonwealth Bank to seek a new entry of default against Defendants and file a new motion for default judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-4-